City of New York v Berkeley Educ. Servs. of N.Y., Inc. (2020 NY Slip Op 00386)





City of New York v Berkeley Educ. Servs. of N.Y., Inc.


2020 NY Slip Op 00386


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10823 452025/18

[*1] The City of New York, et al., Plaintiffs-Respondents,
v
Berkeley Educational Services of New York, Inc., Defendant-Appellant.


Akerman LLP, New York (David F. Bayne of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 14, 2019, which, to the extent appealed from, denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Defendant is a "for-profit" college with campuses in Manhattan, Brooklyn, and elsewhere. Plaintiff New York City Department of Consumer Affairs (the Department) contends that it opened an investigation into Berkeley's conduct after receiving numerous complaints from members of the public. The Department claims that its investigation revealed numerous acts of misconduct and deceptive practices that were in violation of the New York City Consumer Protection Law (Administrative Code of City of NY § 20-700, et seq.) and the associated Rules of the Department, codified in Rules of City of NY Department of Consumer Affairs (6 RCNY 5A) (collectively, the CPL). The complaint alleges six causes of action and seeks civil penalties (including daily penalties for statements contained on Berkeley's website), restitution, disgorgement and injunctive relief.
The IAS court properly found that the Department's allegations were sufficient to support its causes of action. The first cause of action was correctly sustained because the complaint plausibly alleges that Berkeley misled prospective students about whether an accounting degree from Berkeley would prepare them for the CPA exam or to qualify to work as a CPA. The IAS court also properly declined to dismiss the second cause of action, which sufficiently alleges violations of Department Rule § 5-09(a) (6 RCNY § 5-09[a]). Berkeley argues that the second cause of action should be dismissed because the webpage containing the institutional aid statement was not "print advertising and promotional literature" to which Rule 5-09(a) is expressly limited. The Department's interpretation that statements on Berkeley's website fell within this provision was rational, however, and is entitled to deference (see e.g. Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]). As set forth above, the Department sufficiently alleged violations of Rule 5-09(a) in the second cause of action.
The Department's third through sixth causes of action also properly stated claims under the CPL, which prohibits, among other things, misleading conduct in the "extension of consumer credit or in the collection of consumer debts" (Administrative Code § 20-701[a]). The City Council drafted the CPL broadly to cover "the collection of consumer debts," and authorized the Department to regulate such conduct (Administrative Code §§ 20-700; 20-702). The collection rules promulgated by the Department in this vein do not require that the debt to be collected be [*2]that "of another," and as such Berkeley qualifies as a "debt collector" under this definition (6 RCNY § 5-76).
We have considered defendant's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK